**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MAURICE DiLUZIO and LAURIE DiLUZIO,**

                            **Plaintiffs,**

v.

                                                    **05-CV-0568A(Sr)**

**R.L.R. INVESTMENTS, LLC and**
**AMERICAN FREIGHTWAYS, INC.,**

                            **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #7.

Currently before me are defendants' motions for sanctions for plaintiffs' failure to attend depositions and plaintiff Maurice DiLuzio's failure to attend an Independent Medical Exam ("IME").  Dkt. ##28 & 30.  For the following reasons, plaintiff Maurice DiLuzio is ordered to pay defendant RLR Investments, LLC, $300 to compensate defendant for the fee incurred when plaintiff Maurice DiLuzio failed to appear for the IME scheduled on December 7, 2007, said amount to become payable only in the event that plaintiff Maurice DiLuzio be awarded damages upon resolution of this action.

## **BACKGROUND**

Plaintiffs commenced this action in the New York State Supreme Court, County of Erie, seeking damages for personal injuries sustained by Maurice DiLuzio on April 18, 2002, when he exited his truck and fell into a large pothole on the premises of defendant RLR Investments LLC, and on October 15, 2002, when he was using a dolly on the dock of the premises of defendant FedEx Freight East, Inc. (incorrectly sued as American Freightways, Inc.).  Dkt. #1.  Plaintiff Laurie DiLuzio claims loss of consortium.  Dkt. #1.  Defendants removed the action to this Court based upon diversity of citizenship as provided by 28 U.S.C. § 1332(a)(1).  Dkt. #1.

The Court entered a Case Management Order on July 12, 2007.  Dkt. #23.  An amended Case Management Order was entered October 11, 2007 upon the joint request of the parties.  Dkt. #26.

Plaintiff Maurice DiLuzio was scheduled to attend an IME on the morning of December 7, 2007, then appear for his deposition.  Dkt. #28-2, ¶ 20.  When he failed to appear for his deposition, defense counsel telephoned the office of the IME provider and discovered that plaintiff Maurice DiLuzio had also failed to appear for the IME.  Dkt. #28-2, ¶ 21.  The IME provider charged defendant RLR Investments, LLC a fee of $300.00 for plaintiff Maurice DiLuzio's failure to appear.  Dkt. #28-2, ¶ 24.[1]

---

[1] Although defense counsel directs the Court to Exhibit N in support of his claim that the medical provider charged RLR Investments, LLC $300.00 following plaintiff Maurice DiLuzio's failure to appear, Exhibit N is a duplicate copy of defendant's notice of motion. Defense counsel shall provide the Court with a correct copy of this Exhibit.

Plaintiff Maurice DiLuzio was deposed on January 3, 2008.  Dkt. #30-2, ¶ 4 & Dkt. #35, ¶ 3.  During the course of his deposition, plaintiff Maurice DiLuzio was asked why he failed to appear for his IME and deposition on December 7, 2007.  Dkt. #35, ¶ 4.  Plaintiff Maurice DiLuzio explained that

> It wasn't that I couldn't physically make it. . . . A little aggravated . . . that so many times we had depositions scheduled and everybody else cancelled for one.  And I thought, well, you know, no big deal, they've done it to me numerous times.

Dkt. #35, ¶ 4.  Plaintiff Maurice DiLuzio confirmed that he was aware that the IME was scheduled for that day and the he "was at home" and "didn't have nothing going on."  Dkt. #35, ¶ 4.  Plaintiff Maurice DiLuzio appeared for an IME on January 4, 2008.  Dkt. #35, ¶ 3.

## DISCUSSION AND ANALYSIS

In opposition to defendants' motions, plaintiffs' counsel affirms that depositions had been scheduled on eleven dates prior to December 7, 2007 and that each of those prior dates was cancelled by defendants.  Dkt. #39.  Plaintiffs' counsel affirms that on eight of those dates, plaintiffs were in her office ready to proceed with the depositions when they received notice of cancellation from defendants.  Dkt. #39, ¶ 5.  Plaintiffs' counsel also affirms that plaintiffs are in the midst of divorce proceedings and that plaintiff Maurice DiLuzio has filed for bankruptcy.  Dkt. #39.

Defense counsel declares that although depositions had been cancelled numerous times prior to December 7, 2007, they had all been cancelled on notice to

plaintiffs. Dkt. #41, ¶ 5. Defense counsel further affirms that, in light of plaintiff Maurice DiLuzio's bankruptcy, he would have "no objection to reducing plaintiff's potential recovery by the amount awarded by the court." Dkt. #41, ¶ 7.

> Fed. R. Civ. P. 37(a)(5)(A) provides, in relevant part, as follows:
>
> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Although the Court does not condone plaintiffs' willful failure to appear, without notice, at the depositions scheduled on December 7, 2007, it will not impose sanctions upon plaintiffs for such failure given the defendants' apparent failure to provide adequate notice of cancellations on prior occasions. However, plaintiff Maurice DiLuzio should be required to pay the cost of his failure to appear for a scheduled IME, *to wit*, $300.00, as his willful refusal to attend the IME inconvenienced the medical provider and imposed a real cost upon RLR Investments, LLC. In light of plaintiff

Maurice DiLuzio's apparent financial circumstances, the Court will condition such payment upon a favorable resolution of his claims in this action. Accordingly, the sanction shall only become payable in the event that plaintiff Maurice DiLuzio is awarded damages in this action.

## **CONCLUSION**

For the foregoing reasons, plaintiff Maurice DiLuzio is ordered to pay defendant RLR Investments, LLC, the amount of $300 to compensate defendant for the fee incurred when plaintiff Maurice DiLuzio failed to appear for the IME scheduled on December 7, 2007, said sanction to become payable only in the event that plaintiff Maurice DiLuzio is awarded damages in this action. The motion (Dkt. #28), of defendant RLR Investments, LLC is otherwise denied. The motion (Dkt. #30), of defendant FedEx Freight East, Inc. (incorrectly sued as American Freightways, Inc.), is denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 30, 2008

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**